UNITED STATES of America, Plaintiff–Appellee,

v.

Francisco Gerardo VASQUEZ– TORRES, Defendant– Appellant.

No. 05–40058 Conference Calendar.

United States Court of Appeals, Fifth Circuit.

June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, Mark Michael Dowd, U.S. Attorney's Office, Southern District of Texas, Brownsville, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Francisco Gerardo Vasquez–Torres (Vasquez) appeals from his guilty plea conviction and sentence for illegal reentry. Vasquez argues for the first time on appeal pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. The Government does not seek to enforce Vasquez's appeal waiver; therefore, it is nonbinding. *See United States v. Story,* 439 F.3d 226, 231 (5th Cir.2006).

Vasquez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Vasquez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v.*

---

*Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Vasquez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

